JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Angelo Saggiomo

**DEFENDANTS**
J. Ambrogi Food Distribution, Inc.

**(b)** County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Gloucester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA, 29 U.S.C. § 621, et seq., ADA, 42 U.S.C. § 12101, et seq.

Brief description of cause:
Administrative remedies have been exhausted

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/17/2021

SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael Murphy, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

MICHAEL ANGELO SAGGIOMO  :
42 Cottage Gate Circle  :  CIVIL NO. _____
Sewell, NJ 08080  :
:
           Plaintiff,  :
:  **JURY TRIAL DEMANDED**
    v.  :
:
J. AMBROGI FOOD DISTRIBUTION, INC.  :
1400 Metropolitan Avenue  :
Thorofare, NJ 08086  :
:
          Defendant.  :

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Michael Angelo Saggiomo ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant J. Ambrogi Food Distribution, Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant has violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, by discriminating again and ultimately terminating Plaintiff because of his age and on the basis of his relationship to an individual with a disability.

2. Plaintiff also brings this Complaint contending that Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 621, *et seq.,* by failing to offer Plaintiff the ability to take protected medical leave to care for his wife's serious health conditions.

3. Plaintiff brings this action under the FMLA, the ADEA, the ADA, and the LAD for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## PARTIES

4. Plaintiff Michael Angelo Saggiomo is a citizen of the United States and New Jersey, and currently maintains a residence at 42 Cottage Gate Circle, Sewell, NJ 08080.

5. Defendant J. Ambrogi Food Distribution, Inc. is a for-profit company, that maintains a principal place of business located at 1400 Metropolitan Avenue, Thorofare, NJ 08086 in Gloucester County, New Jersey.

## JURISDICTION AND VENUE

6. On or about November 11, 2020, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2021-00638. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7. By correspondence dated March 9, 2021, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

10. This is an action authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the state of New Jersey.

## FACTUAL BACKGROUND

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. Plaintiff began his employment with Defendant in or around December 2004 in the position of Director of Operations.

16. Throughout the course of Plaintiff's employment with Defendant, Plaintiff excelled in his position and was ultimately promoted to General Manager, receiving positive feedback regarding his performance, annual bonuses, and no justifiable discipline.

17. In or around early 2016, Defendant's then-owner, Jerry Ambrogi ("Mr. Ambrogi"), hired long-time friend of the family, Rich Bastian ("Mr. Bastian"), as Vice President of Operations to assist with company operations because Mr. Ambrogi was in ill health.

18. Subsequently, there were numerous conflicts between Mr. Bastian, Defendant's then-CFO Susan Stein ("Ms. Stein"), and Defendant's then-Director of Human Resources ("HR"), Kathy Thomas ("Ms. Thomas").

19. On or about November 1, 2016, Mr. Ambrogi passed away from his illness.

20. As a result of Mr. Ambrogi's passing, his wife, Kristy Ambrogi ("Ms. Ambrogi"), took over as Owner of Defendant.

21. Notably, up until this point, Plaintiff had never met Ms. Ambrogi and had no knowledge of her prior involvement in the company.

22. On or about November 21, 2017, Mr. Bastian yelled at and called management names during a meeting with Ms. Ambrogi present.

23. The next day, Plaintiff sent an email to another employee on Defendant's management team, Brian Stocklin ("Mr. Stocklin"), who is also approximately fifteen (15) years younger than Plaintiff, requesting to be included on operations-related emails going forward.

24. On or about November 29, 2017, Plaintiff voiced his concerns over Mr. Bastian yelling and name calling during meetings to Defendant's consultants.

25. On or about December 5, 2017, Ms. Ambrogi called Plaintiff into a meeting with herself and Defendant's consultant.

26. During this meeting, Ms. Ambrogi complimented Plaintiff's great work and then informed Plaintiff that she was changing his position.

27. Additionally, later that same month, Ms. Thomas informed Plaintiff that Mr. Bastian would be handling union matters for the company going forward.

28. Notably, Plaintiff had been responsible for union matters on behalf of the company for thirty-five (35) years.

29. On or about January 11, 2018, Plaintiff's yearly bonus was drastically cut despite not being informed of any performance or company issues that would necessitate the decrease.

30. Additionally, despite completing the performance reviews of Plaintiff's direct reports in writing, the in-person reviews were completed by Mr. Bastian without Plaintiff being present in those meetings.

31. Plaintiff was routinely subject to comments related to the age of himself and the other senior management employees.

32. By way of example, one of Defendant's Plant Managers was referred to as a "dinosaur."

33. Notably, Mr. Bastian informed Ms. Thomas that his plan was to have all the "young guys" take over and to hire no one over the age of forty-five (45) years old.

34. Subsequently, Plaintiff was approved in February 2020 for intermittent leave to utilized throughout the year in order to care for his wife's serious health condition under the FMLA.

35. Plaintiff's wife suffers from a qualifying disability under the ADA for which she underwent intensive patient care accruing extensive medical costs.

36. On or about March 20, 2020, Plaintiff was informed by Ms. Ambrogi that since he was furloughed due to Covid-19, now would be a good time to start searching for new insurance.

37. Plaintiff's then-insurance, which covered his wife as well, was through the Teamsters Union even though Plaintiff was not a member.

38. Ms. Ambrogi informed Plaintiff that the Teamsters Union would no longer be covering non-union members, but that Ambrogi would add Plaintiff to the company insurance.

39. However, Ms. Ambrogi stated that Ambrogi would not cover his wife's insurance.

40. Upon information and belief, Ms. Ambrogi denied coverage to other Ambrogi employee families who accrued high healthcare costs.

41. Upon further information and belief, Ms. Ambrogi covered other Ambrogi employees *and* their families who *did not* accrue high healthcare costs under the Ambrogi insurance plan.

42. On or about September 25, 2020, Plaintiff was notified in a phone call from Ms. Ambrogi and Defendant's Director of Human Resources, Mike Blimm ("Mr. Blimm"), that his position was being eliminated.

43. When Plaintiff inquired about obtaining another position with Defendant, Plaintiff was told there were no positions for him despite Defendant actively hiring for Sales positions – an area which Plaintiff had four (4) years of experience.

44. Plaintiff became one of many individuals over the age of forty-five (45) to be terminated without cause or forced to retire by Defendant within three (3) years while Defendant continued to hire employees under forty (40) for senior level and sales roles.

45. Subsequently, Plaintiff was replaced by another employee who was approximately fifteen (15) years younger.

### COUNT I
### AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101, *et seq.*
### DISCRIMINATION

46. Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47. Pursuant to the ADA, Plaintiff was a qualified individual for Defendant's Director of Operations position.

48. Defendant knew that Plaintiff's wife was disabled.

49. Defendant terminated Plaintiff's employment as Director of Operations because of Plaintiff's wife's disability.

50. In this regard, Defendant discriminated against Plaintiff by terminating his employment because of the known disability of his wife.

51. Defendant, through its agents, officers, servants and/or employees, violated the ADA by discriminating against Plaintiff by terminating his employment because of the known disability of his wife.

52. As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

C. Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## THE NEW JERSEY LAW AGAINST DISCRIMINATION
## N.J.S.A. § 10:5-1, *et seq.*
## DISCRIMINATION - AGE

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were more fully set forth at length herein.

54. At all times relevant hereto, Plaintiff was an employee within the meaning of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq*.

55. Pursuant to the LAD, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination, sixty-one (61).

56. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

57. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

58. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

59. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the LAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## COUNT III
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, *et seq.*
## DISCRIMINATION

60. Paragraphs 1 through 59 are hereby incorporated by reference, as though the same were fully set forth at length herein.

61. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination, sixty-one (61).

62. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

63. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

64. As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty-thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

### COUNT IV
### THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601, *et seq.*
### INTERFERENCE AND RETALIATION

65. Paragraphs 1 through 64 are hereby incorporated by reference as though the same were fully set forth at length herein.

66. Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (2) or more calendar days in the current or preceding year.

67. Plaintiff was an eligible employee under the FMLA and entitled to intermittent medical leave to care for his wife's serious health condition.

68. Defendant interfered with Plaintiff's rights under the FMLA by treating him differently than other employees that were not taking intermittent FMLA leave.

69. Defendant willfully violated the FMLA by terminating Plaintiff from his employment in retaliation for his request and use of intermittent FMLA leave.

70. The aforementioned actions of Defendant constitute interference and retaliation under the FMLA.

71. As a result of Defendant's actions, Plaintiff has suffered significant damages.

72. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty-thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Michael Murphy, Esq.*
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: May 17, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.